FILED
2007 May-10 PM 02:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GREAT AMERICAN INSURANCE COMPANY,** | ) ) ) |
| Plaintiff, | ) ) **Case No.: 2:06-MC-4786-VEH** |
| v. | ) ) |
| **CHARLES H. STEPHENS, et al.,** | ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Charles H. Stephens' ("Stephens") Motion for Reconsideration or to Set Aside the court's Orders of March 2, 2007 (docs. 97-108). For the reasons stated herein, the Motion is **GRANTED**, and the Orders in question are hereby **VACATED**.

**I.  Facts**[1]

On August 9, 2006, Plaintiff Great American Insurance Company ("Plaintiff") obtained a judgment for the sum of $761,615.81 against Stephens in the United States District Court for the Eastern District of Pennsylvania. (doc. 1.). Plaintiff registered that judgment in this court on or about August 18, 2006, and thereafter filed a series

---

[1] The court will note any disputed "facts."

of Writs of Garnishment against sundry entities in which Stephens purportedly had a financial interest.[2] On February 23, 2007, Plaintiff filed twelve Motions for a Continuing Order of Condemnation ("February Motions") (docs. 85-96) that the court granted in a series of corresponding orders (docs. 97-108) on March 2, 2007 ("March Orders"). On March 20, 2007, Stephens filed the instant Motion for Reconsideration or to Set Aside the March Orders, alleging that he was given neither notice nor the opportunity to respond to the February Motions, resulting in a violation of his constitutional right to due process.

## II.     Standard of Review for Motions for Reconsideration

A district court has plenary power over an interlocutory order and the power to reconsider, revise, alter or amend it. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (citations and internal quotations omitted). The standards for the grant or denial of relief in a motion to reconsider or in a Rule 59(e) motion to alter or amend, are similar, but are not identical.

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003);

---

[2] Plaintiff alleges that it had not received any monies on the judgment prior to institution of the garnishment process.

*Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992); *Spellman v. Haley*, 2004 WL 866837, *2 (M.D. Ala. Feb. 22, 2002) ("... litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling ...."). Indeed, as a general rule, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). It is well established in this circuit that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so).[3] Furthermore, the Eleventh Circuit has declared that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala.

---

[3] Likewise, motions to reconsider are not a platform to relitigate arguments previously considered and rejected. *See Lazo v. Washington Mutual Bank*, 2001 WL 577029, *1 (9th Cir. May 29, 2001) (motion to reconsider is properly denied where movant merely reiterates meritless arguments); *American Marietta Corp. v. Essroc Cement Corp.*, 2003 WL 463493, *3 (6th Cir. Feb. 19, 2003) (similar).

2004) (relying on *Mays* to deny motion to reconsider where movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar).[4]  *See also Richards v. United States*, 67 F. Supp. 2d 1321,1322 (M.D. Ala. 1999) (same).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact.  *See* Fed. R. Civ. P. 60(b); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence"); *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice").  The grant or denial of a motion to reconsider is left to the discretion of the district court.  *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

## III.   Analysis

Stephens argues that the March Orders should be set aside because Plaintiff's

---

[4] This discussion is lifted almost verbatim from Judge Steele's opinion in *Gougler v. Sirius Products, Inc.*, 370 F.Supp.2d 1185, 1189 (S.D. Ala. 2005).

failure to serve those motions on him deprived him of notice and the opportunity to respond – an omission that resulted in curtailment of his due process rights. Stephens submits that he could have presented colorable grounds to defeat the motions had he been afforded notice and the opportunity to respond.[5] Plaintiff claims that even if its failure to serve the February Motions on Stephens was error, it was merely harmless error because Stephens had notice and the opportunity to respond to the underlying Writs of Garnishment. Citing *Ex parte Alabama Mobile Homes, Inc.*, 468 So.2d 156, 161 (Ala. 1985), where the Supreme Court of Alabama held that the sheriff's failure to serve notice of a garnishment order on the defendant was "harmless error" because the defendant's bank notified the defendant of the Writ of Garnishment and moved to dissolve it, Plaintiff argues that any error here was harmless because Stephens was duly served with each Writ of Garnishment issued in this cause, and never filed an objection to any of them. Consequently, Plaintiff submits that Stephens "did receive the benefit of notice and did nothing about it." (doc. 161, ¶ 14).

Stephens replies that he never received a copy of all of the Writs of Garnishment, and appends a corresponding affidavit as evidence (doc. 162). Stephens also reiterates that he was unaware of the March Orders, issued on March

---

[5] Specifically, Stephens argues that the state code sections relied upon by Plaintiff to justify the Writs of Garnishment are at least in part inapposite to the situation at hand. The court does not reach this argument.

5

2, until March 19, after he had retained counsel. Plaintiff responds that in many of the Writs of Garnishment, Stephens was the process agent and "was personally served with the Writs of Garnishment by the U.S. Marshall." (Doc. 166 at ¶ 4.) It also notes that the garnishees all filed answers to the garnishments, further attesting to the service of the garnishments, and that the service of the Writs of Garnishment comported with the pertinent Federal and Alabama Rules of Civil Procedure.[6]

Stephens correctly notes that "the most minimal aspect of due process of law is the concept of notice and an opportunity to be heard." (doc., 155 ¶ 5). Stephens may have had notice – constructive or actual – of some or all of the Writs of Garnishment, and he did fail to object to the writs. Even so, such inaction regarding the writs does not constitute waiver of his right, pursuant to his constitutional due process guarantees, to be given notice and the opportunity to respond to motions regarding the collection of the monies under garnishment. Stephens did not have the chance to exercise this right, as it is undisputed that when the February Motions were filed and the March Orders were entered, Stephens was neither served by Plaintiff nor notified of the same by the court's electronic filing system. The interests of justice compel this court to vacate the March Orders and to entertain responsive submissions

---

[6] The parties also present other arguments, including, *inter alia*, arguments germane to the underlying appropriateness of the garnishments in this cause. Because the court grants the motion for rehearing, it does not reach those arguments at this time.

from Stephens on the February Motions.

In accordance with the foregoing reasons, the motion for reconsideration is **GRANTED**, and the Court's orders of March 2, 2007 (docs. 97-108) are hereby **VACATED**. The Clerk of Court is **DIRECTED**, within forty five (45) days of the date of this Order, to take the necessary actions to reimburse to the payees any and all monies collected pursuant to the March Orders.

Stephens shall have until May 21, 2007 to respond to the February Motions. Plaintiff shall have until May 28, 2007 to reply to Stephens's response.

**DONE** and **ORDERED** this the 10th day of May, 2007.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge